IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICK GOBERT, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:22-cv-00768 |
| § | | |
| GUILD MORTGAGE COMPANY LLC, § | | |
|     Defendant. § | | |

## NOTICE OF REMOVAL

Defendant Guild Mortgage Company LLC ("Guild" or "Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

### I.     INTRODUCTION

1. On September 1, 2022, Plaintiff Rick Gobert filed Plaintiff's Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Request for Disclosures (the "Complaint") in an action styled *Rick Gobert v. Guild Mortgage Company LLC*, pending in the 471st Judicial District Court of Collin County, Texas, Cause No. 471-04935-2022 ("the State Court Action").

2. Plaintiff filed suit to prevent a foreclosure sale of the property located at 2120 Mulberry Drive, Anna, Texas 75409 (the "Property") that was scheduled to occur on September 6, 2022. Plaintiff seeks injunctive relief to prevent foreclosure. Plaintiff also sued Guild for negligence, violation of RESPA, violation of Tex. Prop. Code § 51.002, and breach of contract.

3. Guild has not been served. Therefore, this Notice of Removal is timely, it being filed no more than thirty days after service, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.     BASIS FOR REMOVAL:  FEDERAL QUESTION

**A.     Original Jurisdiction**

4.      This Court has jurisdiction because Plaintiff seeks relief under federal law.  A defendant may remove a case to federal court if the plaintiff could have originally filed suit in federal court.[1]  Pursuant to 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.[2]  Additionally, a case arises under 28 U.S.C. § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[3]

5.      This action arises under and presents a question of federal law. Specifically, Plaintiff claims Guild violated the Real Estate Settlement Procedures Act ("RESPA"), which is codified as 12 CFR § 1024. Therefore, removal of this entire cause is proper under 28 U.S.C. § 1441(c).  Additionally, as detailed below, the Court has supplemental jurisdiction over Plaintiff's state law causes of action.[4]

**B.     Supplemental Jurisdiction**

6.      In addition to Plaintiff's RESPA claim, this Court also has jurisdiction over Plaintiff's state law claims for negligence, violation of Tex. Prop. Code § 51.002, and breach of contract.[5]  As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in

---

[1] 28 U.S.C. § 1441(a).
[2] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").
[3] *See Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).
[4] 28 U.S.C. § 1367.
[5] *Id.* ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

which the district courts would have had original jurisdiction."[6] It is well-established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims.[7] This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court.[8]

7. Plaintiff's state law claims and RESPA claim share a common nucleus of operative facts. Specifically, all of Plaintiff's claims arise out of Plaintiff's desire to prevent a foreclosure sale of the Property. Additionally, although, the factual allegations in Plaintiff's Complaint are sparse, Plaintiff's claims all appear to arise from Plaintiff's general allegation that Guild failed "to properly manage the loan" and "failed to perform its duties as mortgage servicer."

8. Since Plaintiff's state law claims against Guild are based on the same factual allegations as his RESPA claim, supplemental jurisdiction exists over Plaintiff's state law claims under 28 U.S.C. § 1367(a).[9] Therefore, it is appropriate for Guild to remove the State Court Action to this Court and for the Court to exercise jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1441(c).[10]

### III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

9. Removal of the State Court Action to this Court is also proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and Guild, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[6] *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").
[7] *Jamal v. Travelers Lloyds of Tex. Ins. Co.,* 97 F.Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1977)).
[8] *Id.* at 806.
[9] *See Villareal v. J.P. Morgan Chase Bank, N.A., et. al.*, 720 F.Supp.2d 806, 808, 2010 WL 2653484, at *2 (S.D. Tex. July 6, 2010); 28 U.S.C. § 1367(a).
[10] *See Jamal*, 97 F. Supp. 2d at 806.

A.     **Complete Diversity Exists.**

10.     Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

11.     Based on the allegations in the Complaint, Plaintiff lives, and is thus domiciled, in Texas.[11]  Therefore, Plaintiff is a citizen of Texas for the purpose of diversity jurisdiction.

12.     Guild is a California limited liability company.  The citizenship of an LLC is determined by the citizenship of its members.[12]  The sole member of Guild Mortgage Company LLC is Guild Holdings Company.  Guild Holdings Company is incorporated in Delaware and has its principal place of business in San Diego, California.  Therefore, Guild is a citizen of California and Delaware for purpose of diversity jurisdiction.

13.     Because Plaintiff is a citizen of Texas and Guild is a citizen of Delaware and California, complete diversity exists.[13]

B.     **Amount in Controversy Exceeds $75,000.**

14.     Diversity jurisdiction is proper if "'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].' . . . If the value of the claims is not apparent, then the defendants 'may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount.'"[14]  Diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.[15]

15.     The Fifth Circuit has held "in actions seeking declaratory or injunctive relief, it is

---

[11] *See Compl.* at ¶ 2.
[12] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[13] *See* 28 U.S.C. § 1332(a)(1).
[14] *Govea v. JPMorgan Chase Bank, N.A.*, No. CIV.A. H-10-3482, 2010 WL 5140064, at *2 (S.D. Tex. Dec. 10, 2010) (quoting *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995))).
[15] *Garcia*, 351 F.3d at 638-39 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

well established that the amount in controversy is measured by the value of the object of the litigation."[16] When "a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[17] And, where the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[18] When a plaintiff seeks a declaration that the mortgagee is barred from foreclosing on its interest in the property, it calls into question a right to the property in its entirety and the amount in controversy is equal to the value of the property.[19] Additionally, the Fifth Circuit has held "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[20]

16. In this case, the purpose of Plaintiff's Complaint is to prevent foreclosure; therefore, the fair market value of the property is the proper measure of the amount in controversy. The Collin County Appraisal District values the property at $318,606.[21] Therefore, based on the value of the relief sought by Plaintiff in the Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs.

### IV. VENUE

17. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a)

---

[16] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).
[17] *McDonald v. Deutsche Bank Nat'l Trust Co., as trustee*, No. 3:11-cv-2691, 2011 WL 6396628 at *2 (N.D. Tex. Dec. 20, 2011) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545,547-48 (5th Cir. 1961)); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir., 1983) ("In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").
[18] *Martinez v. BAC Home Loans Servicing, L.P.*, No. SA-09-CA-951, 2010 WL 6511713, at *7 (W.D. Tex. Sep. 24, 2010).
[19] *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1002-B, 2011 WL-4346328, at *2 (N.D. Tex. Sept. 16, 011) (holding the amount in controversy is equal to the value of the property when plaintiff was seeking a declaration that defendant was barred from foreclosing on its interest the property); *see also Hayward v. Chase Home Finance, LLC*, 2011 WL 2881298, *4–5 (N.D. Tex. July 8, 2011).
[20] *Id.*
[21] *See* **Exhibit C**: 2022 Notice of Appraised Value.

and 28 U.S.C. § 124(b)(2) because this district and division embrace the 471st Judicial District Court of Collin County, Texas, the forum in which the State Court Action was pending.

## II. ADDITIONAL REQUIREMENTS

18. Pursuant to 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A:** | Listing of All Parties and Counsel of Record; |
| **Exhibit B**: | Index of all Documents Filed in State Court Action; |
| **Exhibit B-1 – B-5**: | Copies of filings in State Court Action; |
| **Exhibit C**: | Notice of Appraised Value; |
| **Exhibit D**: | Record of jury demand; and |
| **Exhibit E** | State Court Address. |

19. This Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Collin County, Texas.

20. Therefore, Guild gives notice that the above-referenced action now pending in the 471st Judicial District Court of Collin County, Texas has been removed to this Court.

Respectfully submitted,

By: */s/ Valerie Henderson*
**Valerie Henderson**
Texas Bar No. 24078655
Kirsten Vesel
Texas Bar No. 24121183
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 – Telephone
(713) 650-9701 – Facsimile
vhenderson@bakerdonelson.com
kvesel@bakerdonelson.com

**ATTORNEY FOR DEFENDANT GUILD MORTGAGE COMPANY, LLC**

## CERTIFICATE AND NOTICE OF FILING

I certify that September 7, 2022, the Notice of Removal was sent to the District Clerk of Collin County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the Plaintiff.

*/s/ Valerie Henderson*
Valerie Henderson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served on all counsel of record via electronic service pursuant to the Federal Rules of Civil Procedure on September 7, 2022.

*/s/ Valerie Henderson*
Valerie Henderson